Jacob Markowitz, J.
This is a motion to confirm the Referee’s report dated April 26, 1966, and to fix the fees, expenses and disbursements of the plaintiff, plaintiff’s counsel and the Referee.
The background facts are as follows:
*674 On May 27, 1960, the City of New York and the New York World’s Fair 1964-1965 Corporation (a membership corporation organized under the laws of this State), the defendant herein, entered into a lease at Flushing Meadow Park, for the purpose of holding a world’s fair. Under the terms of said lease, the Fair Corporation was obligated to demolish, at its expense, after the close of the fair, temporary structures at the fair site, and to restore the site to a condition satisfactory to the Commissioner of Parks. To assist in the financing of the fair operation, a subscription agreement dated December 1, 1960, was entered into between the Fair Corporation and the Chase Manhattan Bank, the plaintiff herein, under which Chase was designated as agent for the holders of promissory notes to be issued by the fair. The agreement also provided that each subscriber to the promissory notes would be a party to the subscription agreement. Such promissory notes were issued in the aggregate principal amount of $29,879,000. Of this principal amount, $7,457,250 has been prepaid, leaving a present outstanding principal balance of $22,421,750.
Sometime in October of 1965, the Fair Corporation announced that it intended to use substantially all of its remaining assets, amounting to less than $12,000,000, to demolish the structures at the fair site and restore the site as mandated by its lease. A portion of the remaining funds was apparently to be used to pay installments of interest due on the promissory notes thus forestalling acceleration of payments.
According to counsel for plaintiff, they were informed by the fair’s counsel that, despite its imminent, insolvency, it did not intend to file a petition in bankruptcy. (Because of the Fair Corporation’s status as a membership corporation, it could not be forced into involuntary bankruptcy.) This, of course, could have precluded noteholders from benefiting from a prorata distribution of assets. It appeared to be the opinion of the fair’s counsel that the fair had the right and duty to prefer the City of New York over other creditors.
[The court here discussed in detail the nature of the action as pleaded.]
Taking these and other factors into account, the Referee concluded that the stipulation of settlement is fair and adequate to all concerned and recommended that it be approved by the court. He also pointed out that the public interest and the interests of the city will best be served by a prompt and final resolution of the dispute herein by an equitable and adequate settlement.
*675 Insofar as the jurisdictional basis for court approval of the settlement is concerned, the Referee apparently reconsidered the status of the noteholders as a class united in interest, and suggested that CPLR 1005 might provide such basis. He based this conclusion on the subscription agreement, in which the note-holders had in effect consented that litigation commenced thereunder by Chase Manhattan Bank as agent would be in the nature of a class action.
The court is in agreement that the situation herein has all the important attributes of a class action. However, regardless of whether CPLR 1005 were applicable here, the statutory powers of the court over dissolving membership corporations, as well as the inherent equity powers of the court in matters involving insolvencies, afford adequate bases for judicial supervision of the settlement. In other words, in this over-all posture, to wit, the similarity, if not identity, of this action with a class action, the visitatorial powers of the court with respect to such corporations and the general equity powers of the court preponderate the conclusion that there is adequate jurisdictional ground for court approval of the settlement.
[The court then discussed in detail the fairness of the settlement.]
The motion to confirm the Referee’s report is granted, and the application for the other relief requested is granted as herein indicated.
Settle order which shall also provide for retention of jurisdiction by the court as to all matters in connection with the enforcement, adjustment and satisfaction of the settlement.